**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| DACIAN MASTER FUND, LP, | ) |
| Plaintiff, | ) Case No. 1:24-cv-1549 |
| v. | ) |
| JOSH WANDER, | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Defendant, Josh Wander ("Wander"), by counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and Local Rules 81-1 and 81-2, on the basis that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship) and in support thereof states:

1. This Court has original jurisdiction and removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff, Dacian Master Fund, L.P. ("Plaintiff"), and Defendant, Josh Wander ("Wander"), and the amount in controversy exceeds the sum of $75,000.00, exclusive of attorneys' fees, costs, and interest.

2. A copy of the State Court Record is attached as Exhibit "A." As required by Local Rule 81-2(a), undersigned counsel hereby verifies (with the signature in the signature block at the end of this document) that the attached State Court Record is complete as of the date of removal. Also as required by Local Rule 81-2(d), attached as Exhibit "B" is another copy of the operative complaint in the State Court Record.

3. Plaintiff filed the attached Complaint in the Hamilton County Superior Court under Cause No. 29D03-2406-PL-6763 on June 19, 2024, and Wander was served with Plaintiff's Complaint by process server on July 22, 2024.

4. The Complaint alleges a single count of breach of guaranty against Wander, for which Plaintiff seeks $25 million in damages, exclusive of interest and costs. Thus, it is apparent from the face of the Complaint that the amount in controversy jurisdictional requirement of 28 U.S.C. § 1332 is satisfied.

5. However, as to citizenship, the Complaint alleges only that Plaintiff is a Delaware Limited Partnership and that Wander is a resident of Florida. An allegation of residence is inadequate to establish diversity jurisdiction, because residency and citizenship are not the same, and it is the latter that matters for purposes of diversity. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); *Meyerson v. Harra's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Specifically, the citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. Asserting that all members are citizens of a certain state, or that no members are citizens of a certain state, is insufficient. *See Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (alleging that all partners of limited partnership were citizens of Massachusetts was insufficient to establish diversity jurisdiction); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("blanket declaration" that members of limited liability company were citizens of state different than state of opposing party's citizenship was insufficient to establish diversity jurisdiction). Rather, the removing party must provide the name and citizenship of each member, traced down to the lowest

layer, in order for the Court to determine whether diversity jurisdiction exists. *See Guaranty Nat'l Title Co., Inc.* 101 F.3d at 59 (in order to determine citizenship of a limited partnership, court "need[ed] to know the name and citizenship(s) of its general and limited partners").

6. Here, based on the information available at the time of the filing of the Complaint, it was impossible to determine the name and citizenship of each partner and member of Plaintiff so as to adequately plead the existence of diversity jurisdiction. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"). "Conclusional allegations are insufficient. A court needs to know details, such as the state of incorporation and principal place of business of each corporate party." *State St. Bank & Trust Co. v. Morderosian*, 234 F.3d 1274 (7th Cir. 2000).

7. Further, if, as here, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of . . . [a] paper from which it may first be ascertained that the case is one which is or has become removable." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013) (citing 28 U.S.C. § 1446(b)(1) and (3)). Thus, "[t]he 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Id.* In other words, the clock commences only when the removing party receives a post-complaint pleading or other paper that affirmatively and unambiguously shows that diversity jurisdiction exists. *See id.* ("As applied to the amount-in-controversy requirement, the clock commences *only* when the defendant receives a post-complaint pleading or other paper that

affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums.").

8. Starting on August 20, 2024, the parties engaged in informal written discovery to determine the identity and citizenship of partners of Plaintiff. On September 3, 2024, Wander received confirmation of the information from which Wander could specifically ascertain the identity and citizenship of all partners and members of Plaintiff. Thus, pursuant to 28 U.S.C. § 1446(b)(3), Wander has through and including October 3, 2024 to file a Notice of Removal, and this Notice of Removal is timely filed.

9. The citizenship of each party is as follows:

    a. **Dacian Master Fund LP** is a citizen of the States of Indiana and Utah. *See Dvorak v. Granite Creek Flexcap I, LLC*, 908 F.3d 248, 250 (7th Cir. 2018) (a partnership has the citizenship of every partner, limited as well as general); *see also Thomas*, 487 F.3d at 534 (a limited liability company has the citizenship of each of its members); *and see* 28 U.S.C. § 1332(c)(1) (a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the state where it has its principal place of business); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's "principal place of business" is its "nerve center," normally its headquarters, where its officers direct, control, and coordinate its activities)..

        i. Dacian Master Fund LP is a Delaware limited partnership.

        ii. Dacian Master Fund LP's sole general partner is Dacian GP LLC (a Delaware limited liability company).

        iii. The sole and managing member of Dacian GP LLC is SILAC Insurance Company, an Indiana insurance corporation with principal places of business in Indiana and Utah.

        iv. Dacian Master Fund LP's sole limited partner is SILAC Insurance Company, an Indiana insurance corporation with principal places of business in Indiana and Utah.

b. **Josh Wander** is a citizen of the State of Florida because he is physically present and a resident of the State of Florida, and he has an intent to remain there. *See Ratliff v. Todd*, 2019 U.S. Dist. LEXIS 91300, at *11-12 (S.D. Ind. May 31, 2019) (a person is a citizen of the State in which he is physically present or has residence, and in which he intends to remain).

c. Thus, based on the information newly available to Wander, the diversity of citizenship jurisdictional requirement of 28 U.S.C. § 1332 is satisfied.

10. A copy of this Notice is being contemporaneously filed with the Clerk of the Superior Court of Hamilton County, Indiana.

WHEREFORE, Defendant, Josh Wander, respectfully removes this action bearing Cause No. 29D03-2406-PL-6763 from the Hamilton County Superior Court, Indiana, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted (and verified as to ¶ 2),

RILEY BENNETT EGLOFF LLP

Date: September 10, 2024

Justin O. Sorrell
Justin O. Sorrell
No. 30866-49
RILEY BENNETT EGLOFF LLP
500 N. Meridian Street
Suite 550
Indianapolis, Indiana 46204
(317) 636-8000
jsorrell@rbelaw.com

Attorneys for Defendant,
Josh Wander

4864-9128-0608, v. 1

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing *Notice of Removal* has been served on September 10, 2024, via First Class United States Mail, postage prepaid, upon:

Michael N. Red Jr.
RED LAW GROUP LLC
P.O. Box 7848
Greenwood, IN 46142

Francis J. Earley
John P. Sefick
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
919 Third Avenue
New York, NY 10022

                                                   <u>Justin O. Sorrell</u>
                                                   Justin O. Sorrell

JOS/pac/1329.000

4864-9128-0608, v. 1