UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DACIAN MASTER FUND, LP,           )
                                  )
                    Plaintiff,    )
                                  )
           v.                     )      No. 1:24-cv-01549-JPH-KMB
                                  )
JOSH WANDER,                      )
                                  )
                    Defendant.    )

**ORDER DENYING MOTION TO DISMISS**

Dacian Master Fund filed this action in Hamilton County Superior Court, seeking a $25 million payment on a guaranty executed by Josh Wander.  Mr. Wander removed this case to this Court and filed a motion to dismiss for lack of personal jurisdiction.  Dkt. [10].  For the reasons below, that motion is **DENIED**.

**I.**
**Facts and Background**

Because Defendant has moved for dismissal under Federal Rule of Civil Procedure 12(b)(2), this Court accepts "as true all well-pleaded facts alleged in the complaint." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019) (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)).

In September 2021, SILAC Insurance Company agreed to extend $50 million in loans to Noble Financial Solutions, LLC, and Mr. Wander—a managing partner in an asset management LLC—executed a personal guaranty on $25 million of Noble's loans ("the Guaranty").  Dkt. 1-1; dkt. 11 at 2, 12–13.

The Guaranty contains a choice of law provision stating that Indiana law governs the agreement.  Dkt. 1-1 at 23.  The Guaranty also contains a forum selection clause:

> **GUARANTOR AGREES THAT THE STATE AND FEDERAL COURTS LOCATED IN, OR WITH JURISDICTION WHICH INCLUDES HAMILTON COUNTY, INDIANA, HAVE NON-EXCLUSIVE JURISDICTION OVER ANY AND ALL ACTIONS AND PROCEEDINGS INVOLVING THIS GUARANTY OR ANY OTHER AGREEMENT MADE IN CONNECTION HEREWITH AND GUARANTOR HEREBY IRREVOCABLY AND UNCONDITIONALLY AGREES TO SUBMIT TO THE JURISDICTION OF SUCH COURTS FOR PURPOSES OF ANY SUCH ACTION OR PROCEEDING. GUARANTOR HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY OBJECTION THAT GUARANTOR MAY NOW OR HEREAFTER HAVE TO THE VENUE OF ANY SUCH ACTION OR PROCEEDING, INCLUDING ANY CLAIM THAT SUCH COURT IS AN INCONVENIENT FORUM, AND CONSENTS TO SERVICE OF PROCESS PROVIDED THE SAME IS IN ACCORDANCE WITH THE TERMS HEREOF. FINAL JUDGMENT IN ANY SUCH PROCEEDING AFTER ALL APPEALS HAVE BEEN EXHAUSTED OR WAIVED SHALL BE CONCLUSIVE AND MAY BE ENFORCED IN OTHER JURISDICTIONS BY SUIT ON THE JUDGMENT.  NOTHING IN THIS GUARANTY SHALL AFFECT ANY RIGHT THAT LENDER MAY OTHERWISE HAVE TO BRING ANY ACTION OR PROCEEDING RELATING TO THIS GUARANTY AGAINST GUARANTOR OR ITS PROPERTIES IN THE COURTS OF ANY JURISDICTION.**

Dkt. 1-2 at 19.

In 2024, Noble defaulted, and SILAC assigned its rights and obligations under the loan agreement to Dacian Master Fund, LLC.  Dkt. 1-1 at 15 ¶ 28; dkt. 13 at 8.  Dacian brought this action against Mr. Wander seeking payment on the guaranty.  Mr. Wander filed this motion to dismiss, alleging that this Court lacks personal jurisdiction over him.  Dkt. 10.

Hamilton County, Indiana, is within the jurisdiction of the United States District Court for the Southern District of Indiana.  28 U.S.C. § 94.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(2) to dismiss claims for lack of personal jurisdiction.  When "[a] defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of

personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (citations omitted). "At this early stage in the litigation, and without the benefit of an evidentiary hearing, the plaintiff bears only the burden of making a prima facie case for personal jurisdiction." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423 (7th Cir. 2010).

### III.
### Analysis

Indiana law governs this personal jurisdiction analysis. Fed. R. Civ. P. 4(k)(1)(A); *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Indiana extends personal jurisdiction to any basis "consistent with the Federal Due Process Clause." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) (citing Ind. Trial Rule 4.4(A)). A party may also consent to personal jurisdiction in a court that would otherwise not be able to exercise jurisdiction over that party. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) ("[B]ecause the personal jurisdiction requirement is a waivable right, there are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the court.'"). A forum selection clause is one of those ways that a party may stipulate in advance to personal jurisdiction. *Id.*; *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1292 n.4 (7th Cir. 1989) ("Obviously, a valid forum-selection clause, even standing alone, can confer personal jurisdiction.").

Here, Dacian does not contend that Mr. Wander had contacts with Indiana that would support the Court's exercise of general or specific personal jurisdiction over him.  Dkt. 13.  Instead, it relies on the forum selection clause as the basis for personal jurisdiction.  *Id.*  Mr. Wander does not dispute that a forum selection clause may create personal jurisdiction where it otherwise might not exist.  Dkt. 11 at 7.  He argues that the Court does not have personal jurisdiction over him because the Guaranty's forum selection clause is permissive, that is, it allows but does not require the parties to litigate in a court located in or with jurisdiction over Hamilton County.  Dkt. 11 at 7–10.  Based on that distinction, Mr. Wander argues that the forum selection clause did not constitute his assent to the jurisdiction of this Court or, put differently, waiver of his right to contest personal jurisdiction.  Dkt. 11 at 8; dkt. 14 at 3.

Dacian argues that although the forum selection clause is permissive, it is nonetheless binding upon Mr. Wander as his consent to the jurisdiction of a court in or with jurisdiction over Hamilton County, Indiana.  Dkt. 5.

The forum selection clause in the Guaranty states that the guarantor—Mr. Wander—"agrees that the state and federal courts located in, or with jurisdiction which includes Hamilton County, Indiana, have non-exclusive jurisdiction over any and all actions and proceedings" involving the Guaranty, and that the guarantor "hereby irrevocably and unconditionally agrees to submit to the jurisdiction of such courts for the purposes of any such action." Dkt. 1-1 at 24.  The clause also states that the guarantor "hereby irrevocably

and unconditionally waives any objection that Guarantor may now or hereafter have to the venue of any such action or proceeding." *Id.*

Under the plain text of the forum selection clause, Mr. Wander agreed to submit to the jurisdiction of this Court. *Heller Fin., Inc.*, 883 F.2d at 1292 n.4. So, the only question is whether his consent is vitiated by the fact that the forum selection clause permits, rather than requires, the parties to litigate their dispute in a court located in or with jurisdiction over Hamilton County, Indiana. Dkt. 11 at 9 ("Where, as here, a forum selection provision fails to identify an exclusive venue, and therefore only identifies a *permissive* venue, a plaintiff is still required to establish the minimum contacts with the forum state in order to comply with due process requirements and exercise personal jurisdiction over a foreign defendant.").

Mr. Wander argues that he can still object to personal jurisdiction, despite the Guaranty's forum selection clause, because that clause identifies Hamilton County courts as a *potential* forum, not the *only* forum, for litigation. Dkt. 11 at 8; dkt. 14 at 3. But a "forum-selection clause can work only if both parties are amenable to suit in the chosen forum; to agree to a forum thus is to agree to personal jurisdiction in that forum." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 793 (7th Cir. 2014). The forum selection clause is permissive in that it does not foreclose the possibility that the parties could litigate in some other forum. Still, it requires the parties to submit to the jurisdiction of courts located in or with jurisdiction over Hamilton County, Indiana. And that the forum selection clause is permissive rather than

exclusive does not vitiate Mr. Wander's consent to the jurisdiction of this Court.  *See Paper Express Ltd., v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 755 (7th Cir. 1992) (explaining that a permissive forum selection clause indicates consent to litigate in one forum but does not preclude litigation in other fora); *see also Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006) (noting that nonexclusive jurisdictional provision required parties to submit to personal jurisdiction in the specified forum); *Heller Fin. Inc.*, 883 F.2d at 1292 n.4.

Resisting this conclusion, Mr. Wander cites cases dealing with the enforceability of permissive forum selection clauses.  Dkt. 11 at 7–10; dkt. 14 at 5.  But those cases do not support Mr. Wander's argument that permissive forum clauses are unenforceable or that such clauses cannot establish personal jurisdiction.  *See* dkt. 11 at 8–9.  For example, in *Heckler & Koch, Inc. v. German Sport Guns GmbH*, the Court found that the plaintiff did not breach the forum selection clause—which specified that the federal court would retain jurisdiction—by initially filing the suit in state court, as the forum selection clause was permissive.  71 F. Supp. 3d 866, 900 (S.D. Ind. 2014).  Furthermore, *Heckler* does not address personal jurisdiction.  *Id.  Moran Industries, Inc. v. Higdon* fares no better.  There, the court determined that the forum selection clause could not establish personal jurisdiction because it was permissive.  2008 WL 4874114, at *4 (N.D. Ill. June 26, 2008); dkt. 11 at 10.  But the court in *Moran* did not cite any Seventh Circuit authority in support of this conclusion and appears to be an outlier in concluding that a permissive

6

forum selection clause does not constitute assent to the jurisdiction of courts in the designated forum.  *See Martin Eng'g Co. v. Nark*, 2013 WL 4501410, at *3 (N.D. Ill. Aug. 22, 2013) (noting that permissive forum selection clauses foreclose objections to venue or personal jurisdiction); *Bombshell Accessories, Inc. v. L.A. Silver, Inc.*, 2011 WL 3610088, at *8 (N.D. Ill. Aug. 16, 2011) (noting that the permissive nature of a forum selection clause does not render it unenforceable).

Finally, Mr. Wander does not cite any Seventh Circuit precedent in support of his argument that permissive forum selection clauses cannot confer personal jurisdiction.[1]  That makes sense since Seventh Circuit authority addressing forum selection clauses and personal jurisdiction support the opposite conclusion.  *See Muzumdar*, 438 F.3d at 762 (noting that "a nonexclusive jurisdictional provision[] require[ed] the appellants to submit to the personal jurisdiction of the [the specified] courts").

In sum, the Guaranty's forum selection clause confers personal jurisdiction over Mr. Wander.  Mr. Wander has not developed any other argument as to why the clause would not be enforceable under Indiana law.[2]

---

[1] Mr. Wander does cite to *Paper Express*, but *Paper Express* affirmed dismissal of a claim brought in the Northern District of Illinois for want of proper venue because a mandatory forum selection clause specified Germany as an exclusive forum.  972 F.2d at 757.  *Paper Express* does not address personal jurisdiction.  *Id.*

[2] Under Indiana law, forum selection clauses are enforceable so long as they are freely negotiated, and "reasonable and just under the circumstances and if there is no evidence of fraud or overreaching such that the agreeing party, for all practical purposes, would be deprived of a day in court."  *Carmeuse Lime & Stone v. Illini State Trucking, Inc.*, 986 N.E.2d 271, 276–77 (Ind. Ct. App. 2013); *Perdue Farms, Inc. v. L&B Transport, LLC*, 238 N.E.3d 842, 846–50 (Ind. 2024).  Mr. Wander states that the forum selection clause would be "unreasonable" if enforced, but does not develop that argument, or assert that there was fraud, overreaching, or that he would be deprived

**IV.**
**Conclusion**

Mr. Wander's motion to dismiss for lack of personal jurisdiction is

**DENIED**.  Dkt. [10].

**SO ORDERED.**

Date: 2/25/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

_____

of his day in court.  Dkt. 14 at 5. He therefore does not establish that enforcement of the forum selection clause as the basis for personal jurisdiction would be unreasonable.