UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DACIAN MASTER FUND, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01549-JPH-KMB |
| | ) | |
| JOSH WANDER, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON PLAINTIFF'S MOTION TO COMPEL

Presently pending before this Court is Plaintiff Dacian Master Fund, LP's ("Plaintiff") Motion to Compel. [Dkt. 67.] For the reasons detailed below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.     **RELEVANT BACKGROUND**[1]

This case arises from a single-count complaint alleging breach of a personal guaranty. [Dkt. 1-2.] Plaintiff alleges that in September 2021, Defendant executed a personal guaranty (the "Guaranty") in which he guaranteed repayment of $25,000,000 of a $50,000,000 loan (the "Loan") that was issued by SILAC Insurance Company ("SILAC") and later assigned to Plaintiff. [*Id.* at ¶ 19.] The Loan was extended to Noble Financial Solutions, LLC ("Noble"), for investment purposes, and under the Guaranty, Defendant agreed to pay the guaranteed amount with interest if Noble defaulted. [*Id.* at ¶¶ 4, 20.]

---

[1] The Court takes judicial notice of the fact that Defendant Josh Wander was recently indicted in *United States v. Wander*, Case No. 25-cr-00473 (S.D.N.Y.). Fed. R. Evid. 201 (permitting a court to take judicial notice of a fact not subject to reasonable dispute). That indictment occurred after the pending motion was fully briefed and has no bearing on the Court's rationale for deciding the pending motion. However, if any Party believes that criminal proceeding impacts the Court's decision or Mr. Wander's ability to comply with it, that Party shall promptly file an appropriate motion.

Plaintiff asserts that Noble failed to make a quarterly payment due to SILAC on December 20, 2022, and subsequently missed additional quarterly and interest payments in 2023. [*Id*. at ¶¶ 24-26.] As SILAC's assignee, Plaintiff now seeks to recover the unpaid principal and interest from Defendant pursuant to the terms of the Guaranty.

The Guaranty also required Defendant to represent and warrant his financial condition since he personally guaranteed the Loan. [Dkt. 67-3 at 3.] Specifically, Defendant affirmed in the Guaranty that he was **"Solvent"** at the time he executed it and that he would remain solvent until all obligations under the Guaranty were fully satisfied. [*Id.* at 4.] The Guaranty defines "Solvent" as:

> (i) the fair value of the assets of [Mr. Wander] at a fair valuation, will exceed the debts and liabilities, subordinated, contingent or otherwise, of [Mr. Wander]; (ii) the present fair saleable value of the property of [Mr. Wander] will be greater than the amount that will be required to pay the probable liability of [Mr. Wander] on [Mr. Wander's] debts and other liabilities, subordinated, contingent or otherwise, as such debts and other liabilities become absolute and matured; (iii) [Mr. Wander] will be able to pay [his] debts and liabilities, subordinated, contingent or otherwise, as such debts and liabilities become absolute and matured; and (iv) [Mr. Wander] will have sufficient capital with which to conduct the business in which [Mr. Wander] is engaged as such businesses are conducted and are proposed to be conducted after the date hereof.

[*Id*.]

Following the filing of Defendant's Answer,[2] the Parties engaged in discovery. In March 2025, Plaintiff served the discovery requests at issue, including Request for Production No. 37 and Interrogatory No. 8. [Dkt. 69 at 2.] Request for Production No. 37 seeks "[a]ll documents reflecting Your ability to pay SILAC the $25 million that You guaranteed under the Guaranty,

---

[2] Plaintiff points out that in Defendant's Answer filed on March 25, 2025, Defendant asserted the affirmative defense of laches. [Dkt. 37 at 16.] Defendant withdrew that defense in August 2025. [Dkt. 61.] The Court does not rely on Defendant's withdrawn laches defense in resolving the pending motion; thus, the Court need not further detail or address Plaintiff's arguments regarding the now-withdrawn laches defense.

including, without limitation, Your tax returns for the years 2022 and 2023." [Dkt. 67-4 at 13.] Interrogatory No. 8 asks Defendant to "[s]tate Your current net worth and the method You used to calculate it." [Dkt. 67-5 at 5.]

Defendant objected to Request for Production No. 37 as ambiguous, asserting uncertainty as to whether Plaintiff sought historical, current, or future financial information. [Dkt. 67-4 at 13.] In his objection to Request No. 37, Defendant indicted that he would be "willing to meet and confer with Plaintiff to clarify the scope of this Request…." [*Id.*] Defendant objected to Interrogatory No. 8 on relevance grounds and asserted that it constitutes premature post-judgment asset discovery. [Dkt. 67-5 at 5.]

The Parties engaged in multiple meet-and-confer discussions and had a Discovery Conference with the Court, but they were not able to reach an agreement regarding these pending discovery requests. [Dkts. 57; 67-6.] Plaintiff filed a Motion to Compel, [dkt. 67], which Defendant opposes, [dkt. 69]. Plaintiff filed a reply supporting its motion, [dkt. 74], and the pending motion is now ripe for the Court's decision.

## II.     LEGAL STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 U.S. Dist. LEXIS 52212, at *3 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, Federal Practice and Procedure § 2001, at 44-45 (2d ed. 1994)). Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," regardless of admissibility. *Est. of Daniels by Stover v. City of Indianapolis*, 2021 U.S. Dist. LEXIS 200013, at *3 (S.D. Ind. Oct. 18, 2021)

(citing Fed. R. Civ. P. 26(b)(1)). The burden "rests upon the objecting party to show why a particular discovery request is improper[,]" and the objecting party "must show with specificity that the request is improper." *Hunt v. Hubler Chevrolet, Inc.*, 2019 U.S. Dist. LEXIS 34137, at *5 (S.D. Ind. Mar. 4, 2019).

The Court's resolution of discovery disputes is guided by proportionality principles. Proportionality is determined by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### III.    DISCUSSION

#### A.    Defendant's Tax Returns (Request for Production No. 37)

Plaintiff asks the Court to compel Defendant to produce his 2022 and 2023 tax returns, which were expressly requested in Request for Production No. 37. [Dkt. 67-1 at 10-12.] Plaintiff also asks the Court to require him to produce his 2024 tax returns, which Plaintiff argues have become relevant due to Defendant's delay. [*Id.*] Plaintiff argues that Defendant waived any relevance objection by only objecting to Request No. 37 based on "ambiguity" and not raising a relevance objection until the Parties' July 2025 joint submission to the Court. [*Id.* at 9-10.] Plaintiff further argues that, even if Defendant timely made that objection, the requested tax returns are relevant because the Guaranty expressly required Defendant to remain solvent until all obligations were satisfied. [*Id.* at 10-11.]

Defendant responds that his financial records are not relevant because Plaintiff's Complaint asserts non-payment as the breach of the Guaranty, not a failure to remain solvent. [Dkt. 69 at 3-5.] According to Defendant, his tax returns would only show his ability to satisfy a potential

4

judgment, not any fact bearing on liability. [*Id.* at 5-7.] He emphasizes that facts concerning a defendant's financial condition are typically not discoverable because they do not bear on the claims or defenses in most civil cases. [*Id.*] Defendant further argues that the request is overly intrusive, implicating sensitive personal and business information, and is disproportionate to the needs of the case given the narrow scope of the breach alleged. [*Id.* at 9-10.]

Various courts within the Seventh Circuit have repeatedly held that a party's financial information may be discoverable when a party's financial condition is directly at issue in the litigation and proportional to the needs of the case. *See, e.g.*, *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74-75 (7th Cir. 1992) (noting that several courts have recognized a public policy against routine disclosure of tax records but holding that a party who puts "the level and sources of his income at issue" can be compelled to produce such records); *Davis v. Marion Cnty. Superior Ct. Juv. Det. Ctr.*, 2025 U.S. Dist. LEXIS 151117, at *15 (S.D. Ind. Aug. 6, 2025) (quoting *Eternity Mart, Inc. v. Nature's Sources, LLC*, 2021 U.S. Dist. LEXIS 202161, at *5 (N.D. Ill. Oct. 20, 2021)) ("Although some courts have suggested that there is a heightened showing that must be made before tax returns are discoverable . . . the Seventh Circuit has declined to adopt such a position. Tax returns, thus, are subject to the familiar relevance and proportionality analysis under Rule 26(b)(1)") (internal citations omitted); *Fieldturf Int'l, Inc. v. Triexe Mgmt. Grp., Inc.*, 2004 U.S. Dist. LEXIS 6676, at *7 (N.D. Ill. Apr. 14, 2004) (finding net worth information discoverable under Rule 26(b)(1) when it relates to a matter that is relevant to the claim of a party).

Because this Circuit does not apply a heightened standard for discovery of tax returns, the Court applies the standard relevance and proportionality principles set forth in Federal Rule of Civil Procedure 26(b) to address Plaintiff's request for Defendant's tax returns. After doing so, the Court finds that the Guaranty itself puts Defendant's financial condition directly at issue at this

5

stage of the case because it is central to Defendant's contractual obligations at issue. Specifically, Defendant contractually guaranteed that he was solvent when he executed the Guaranty and that he would remain solvent until the guaranteed obligations were fully satisfied. [Dkt. 67-3 at 3.] The Complaint alleges that Noble defaulted on the Loan in late 2022 and remained in default throughout 2023. [Dkt. 1-2. at ¶¶ 24-26.] Those representations place Defendant's financial condition during 2022 and 2023 directly at issue regarding whether he breached the terms of the Guaranty. Thus, that issue is within the scope of discovery in this case.

The Court further finds that the information sought regarding the 2022 and 2023 tax returns is proportional to the needs of the case and not unduly burdensome for Defendant to produce. The amount in controversy in this case exceeds $25,000,000, the information sought is uniquely within Defendant's possession, and Defendant has identified no burden beyond the ordinary effort required to produce two years of tax returns. Fed. R. Civ. P. 26(b)(1). The likely benefit of this information in addressing the claims at issue outweighs any limited burden or privacy concerns, particularly given the Protective Order entered by the Court in this case. [Dkt. 50.] Accordingly, the Court concludes that Plaintiff's request for Defendant to produce his 2022 and 2023 tax returns is appropriate.

As for Plaintiff's request that Defendant produce his 2024 tax return, the Court denies that request because it exceeds the scope of Plaintiff's original discovery request to Defendant. [*See* dkt. 67-4 at 13 (seeking "Your tax returns for the years 2022 and 2023").] Because no supplemental request was served seeking the 2024 tax return, the Court will not order Defendant to produce his 2024 tax returns or further address that request.

For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion to Compel to the extent that it **ORDERS** Defendant to produce his 2022 and 2023 tax returns **within fourteen (14)**

**days of this Order**, subject to the terms of the Protective Order entered in this case. The Court **DENIES** Plaintiff's Motion to Compel to the extent that it seeks Defendant's 2024 tax return.

      **B.**      **Defendant's Net Worth (Interrogatory No. 8)**

Plaintiff's Motion to Compel also asks the Court to order Defendant to respond to Plaintiff's Interrogatory No. 8, which asks Defendant to "state [his] current net worth and the method [he] used to calculate it." [Dkt. 67-5 at 5.] Plaintiff argues that this information, like the tax returns, is relevant because the Guaranty required Defendant to remain solvent until all obligations were satisfied. [Dkt. 67-1 at 11.]

Defendant responds with similar arguments that he made in opposing Plaintiff's request that he produce his tax returns, which the Court addressed above. Specifically, Defendant contends that his net worth is irrelevant because it allegedly reflects only his ability to satisfy a judgment rather than any issue of liability. [Dkt. 69-6.]

For the same reasons detailed above, the Court finds that Defendant's financial condition is within the scope of discovery in this case. Since Defendant agreed to remain solvent as part of the Guaranty, Defendant's financial condition is highly relevant to the claim itself. This request is similarly proportional to the needs of the case for the same reasons detailed above with respect to Plaintiff's request for Defendant's tax returns. Therefore, the Court **GRANTS** Plaintiff's Motion to Compel to the extent that it **ORDERS** Defendant to respond to Plaintiff's Interrogatory No. 8 **within fourteen (14) days of this Order**, subject to the terms of the Protective Order entered in this case.[3]

---

[3] As Plaintiff notes, in accordance with Request for Production No. 39, Defendant must also produce any documents or communications he relied upon in preparing his interrogatory responses, including materials used to calculate his net worth requested in Interrogatory No. 8. Defendant does not contest this obligation.

## IV.  CONCLUSION

Plaintiff's Motion to Compel, [dkt. 67], is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.  The Court **GRANTS** Plaintiff's Motion to Compel to the extent that it **ORDERS** Defendant to produce his 2022 and 2023 tax returns **within fourteen (14) days of this Order**, subject to the terms of the Protective Order entered in this case.  The Court **DENIES** Plaintiff's Motion to Compel to the extent that it seeks Defendant's 2024 tax return.  The Court **GRANTS** Plaintiff's Motion to Compel to the extent that it **ORDERS** Defendant to respond to Plaintiff's Interrogatory No. 8 **within fourteen (14) days of this Order**, subject to the terms of the Protective Order entered in this case.

    **SO ORDERED.**

Date: 11/17/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Electronic distribution to registered counsel of record via Court's CM/ECF system